IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCHILLI TRANSPORTATION SERVICES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) Civil Action No. _____ |
| FREDERICK J. MELLOTT, d/b/a MELLOTT'S HEAVY HAULING, | ) ) ) ) |
| and | ) ) |
| ROBERT CLARKSON, d/b/a RLC LOGISTICS, | ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT**

Plaintiff SCHILLI TRANSPORTATION SERVICES, INC., by and through its undersigned attorneys Robert G. Rothstein and the Firm of Seaton and Husk, L.P., and pursuant to Rule 3 of the Federal Rules of Civil Procedure, respectfully files this Complaint against Defendant Frederick J. Mellott, an individual doing business as Mellott's Heavy Hauling, for damage by a motor carrier to property transported in interstate commerce; and against Defendant Robert Clarkson, an individual doing business as RLC Logistics, for negligence, breach of contract, or,

1

alternatively, trespass to chattels.  For its Complaint, Schilli Transportation Services, Inc., alleges and states as follows:

PARTIES

1. Schilli Transportation Services, Inc. (hereinafter "Schilli" and "Plaintiff") is a corporation organized under the laws of the State of Indiana. Schilli's principal place of business is Post Office Box 351, Remington, Indiana 47977.

2. As pertinent, Schilli is a federally-licensed property broker, operating under authority issued to it by the Federal Motor Carrier Safety Administration or a predecessor agency.

3. Frederick J. Mellott, doing business as Mellott's Heavy Hauling (hereinafter, together, "Mellott"), is an individual domiciled and residing in the Commonwealth of Pennsylvania, whose address at all times pertinent to this matter was 23291 Great Cove Road, McConnellsburg, Pennsylvania 17233.

4. Upon information and belief, Frederick J. Mellott, at all times relevant hereto, held himself out to the public, and operated, as a federally-licensed motor carrier of property, acting in his individual capacity and without formal legal organization.

5. Robert Clarkson, doing business as RLC Logistics (hereinafter, together, "RLC"), is upon information and belief an individual domiciled and

residing in the State of Tennessee, whose last known address is 1350 Dabbs Ford Road, Decherd, Tennessee 37324.

## JURISDICTION AND VENUE

6. This Court has federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1332 because complete diversity exists among Schilli, Mellott, and RLC, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1337(a) because Plaintiff seeks to pursue liability of a motor carrier as provided for at 49 U.S.C. Sec. 14706 (hereinafter referred to as "Carmack" and the "Carmack Amendment").

8. Venue in this Court is proper pursuant to Title 49 U.S.C. Sec. 14706(d)(1) inasmuch as Mellott is the delivering carrier; Pennsylvania is a State through which the defendant delivering carrier operates; and the defendant delivering carrier is domiciled within the jurisdiction of this Court.

## STATEMENT OF FACTS

9. Schilli and Mellott entered into a Transportation Contract (the "Agreement") on March 3, 2016.  Pursuant to the Agreement Mellott agreed, in part, to provide to Schilli certain transportation (carriage) and related services and to satisfy distinct transit and pricing requirements contained in a written rate

confirmation sheet that would be issued for every load transported by Mellott for Schilli during the term of the Agreement. A copy of the Agreement is appended hereto and marked as *Attachment A*.

10.  The Agreement expressly provides that Mellott shall maintain property/casualty insurance covering the loss of any cargo for any reason, with a minimum coverage of $100,000.00 per occurrence.

11.  The Agreement also expressly provides that Mellott, as the carrier, shall be solely responsible for any and all losses, damage, costs, claims, and liabilities associated with the transportation services it provides pursuant thereto, including any loss or damage to the cargo while in Mellott's possession.

12.  The Agreement provides that Mellott's liability for loss of or damage to property it transports shall be no less than that of a common carrier as provided for in 49 U.S.C. 14706 (the Carmack Amendment).

13.  The Agreement further expressly provides that Mellott shall indemnify and hold Schilli and each shipper harmless from and against any and all claims, losses, and expenses, including attorneys fees and costs or other liabilities, arising from loss or damage to the property while in Mellott's possession.

COUNT I – LIABILITY UNDER THE CARMACK AMENDMENT

14.  Plaintiff reasserts and realleges here by reference each and every prior allegation as if fully set forth at length hereat.

15. Pursuant to the Agreement, a separate confirmation was issued by Schilli to Mellott, dated 3/9/2016, the terms of which were agreed to by Mellott, by which Mellott agreed to transport property of shipper Enercon Enpower from Barnesville, Georgia, to a consignee in San Antonio, Texas, at an agreed rate and pursuant to specific terms. A copy of the confirmation is appended hereto and marked as *Attachment B*.

16. The terms of the separate confirmation agreed to by Mellott prescribed, *inter alia*, that $1 million of cargo insurance was required.

17. Mellott procured a motor trucking cargo insurance policy from Progressive Commercial Insurance with a policy limit of $250,000.00. The Certificate of Insurance for this policy reflects Schilli as the certificate holder. A copy of this Certificate of Insurance is appended hereto and marked as *Attachment C*.

18. Mellott additionally procured an excess cargo insurance policy from National Independent Truckers Insurance Company with a policy limit of $250,000.00. The Certificate of Insurance for this excess cargo insurance policy similarly reflects Schilli as the certificate holder. A copy of this Certificate of Insurance is appended hereto and marked as *Attachment D*.

19. The property was delivered by Enercon Enpower to Mellott at the origin in good condition and free from any damage.

20. During the course of transportation while in the custody of Mellott, the property was severely damaged in Tennessee when or after the commercial motor vehicle that was transporting it, which was operated by Mellott, struck overhead power and / or utility lines.

21. The property arrived at the destination and was tendered for delivery to the consignee in severely damaged condition.

22. The Agreement further contains Mellott's agreement to indemnify and hold Schilli harmless from and against claims related to loss or damage to the property while in Mellot's possession; and from and against all expenses including attorneys fees, costs, and other liabilities related to or arising out of the transportation services provided by Mellott and / or Mellott's failure to perform or comply with any covenant or obligation required of it by the Agreement.

23. As a direct and proximate result of Mellott's failure to protect the property and preserve its good and undamaged condition during the period of time that said property was in its possession, custody, and control, Mellott has caused damage to the property in the amount of $211,014.37, which damage has been incurred and payment for which has been refused by Mellott.

24. Schilli has demanded from Mellott payment in full for the incurred damage, and for its incurred expenses, which demand Mellott has refused.

25. As a direct result of Mellott's failure to protect the property and

maintain its good and undamaged condition during the period of time that said property was in its possession, custody, and control; its refusal to honor its contractual obligation to remain financially responsible for said damage; and its refusal to pay for the incurred damage, Mellott has caused Schilli to expend significant amounts of financial, executive, and administrative resources, including but not limited to attorneys fees, filing and other fees, and costs and other liabilities, in order to pursue its claim for damage to the property, reimbursement for which expenditures, amounting to approximately $2,500.00 as of the date of filing of this complaint, Schilli is entitled to receive by agreement with Mellott.

## COUNT II – NEGLIGENCE

26.   Plaintiff reasserts and realleges here by reference each and every prior allegation as if fully set forth at length hereat.

27.   The property tendered to Mellott by Schilli exceeded size and weight dimensions ordinarily allowed on public roadways, and therefore necessitated the acquisition of permits from state regulatory or licensing authorities.

28.   The permits, *inter alia,* required that an escort vehicle accompany and travel ahead of Mellott's commercial motor vehicle.

29.   Defendant RLC was engaged to serve in the foregoing-alleged capacity.

30.   RLC owed a duty, commonly and reasonably expected in the trucking

industry, to be on the lookout for, and to warn sufficiently in advance of, any overhead or other obstructions that might come into contact with the property being transported by Mellott.

31.  RLC breached its duty to so observe and warn in advance of possible overhead obstructions, thereby allowing the property being transported by Mellott to come in contact with overhead power and / or utility lines or cables.

32.  As a direct and proximate result of RLC's breach of its duty to observe and warn, the property transported by Mellott was severely damaged and disabled, necessitating extensive repair.

33.  As a direct and proximate result of RLC's breach of its duty to observe and warn, RLC is financially responsible for the consequences of its breach and dereliction of its duty.

## COUNT III – BREACH OF CONTRACT

34.  Plaintiff reasserts and realleges here by reference each and every prior allegation as if fully set forth at length hereat.

35.  One of the services commonly and reasonably expected of an individual performing commercial motor vehicle escort services is to be on the lookout for, and to sufficiently and timely warn of, potential obstacles to free and unencumbered passage of an escorted vehicle.

36.  It is believed and therefore alleged that RLC agreed with Mellott to

provide timely and professional services normally, commonly, and usually expected of an individual agreeing to perform the services of a commercial motor vehicle escort for a shipment of property for which a state permit is required.

37. Schilli was and became an intended and contemplated third-party beneficiary of the agreement between RLC and Mellott in order to allow Schilli to perform its own contractual obligations to the property owner.

38. By not sufficiently observing and timely warning of overhead power and / or utility lines or other overhead obstructions, RLC breached its contract with Mellott to provide agreed-upon and professional escort services.

39. As a direct and proximate result of RLC's breach of its contract, the property being transported by Mellott was severely damaged; Plaintiff was deprived of the intended and contemplated benefits of unimpeded transit of Mellott's commercial motor vehicle; and Plaintiff has incurred extensive drains on its managerial and financial resources to address the damage caused by RLC's breach, for which RLC is financially responsible.

PRAYER FOR RELIEF

WHEREFORE, Schilli respectfully requests that this Honorable Court enter judgment in its favor and against Mellott and RLC, respectively, and order:

(a) That Mellott shall pay to Schilli damages in the amount of $211,014.37 for the cost of repairing damage caused by Mellott to the property it

transported; and

(b)     That Mellott shall pay to Schilli, pursuant to agreement of the parties, all expenses incurred by Schilli, including attorneys fees, costs, and other liabilities related to or arising out of the transportation services performed by Mellott; and

(c)     That RLC shall pay to Schilli damages coextensive with its culpability in negligently causing the damage inflicted upon the property, and in breaching its agreement with Mellott to provide customary and professional escort services of the type normally expected in the trucking industry.

(d)     That Schilli be awarded such other and further relief as this Honorable Court in its judgment deems just, reasonable, and in service to the interests of justice.

        Respectfully submitted,

        SCHILLI TRANSPORTATION SERVICES, INC.,
        By counsel

          /s/ Robert G. Rothstein
        Robert G. Rothstein *
        PA 29607
        SEATON & HUSK, L.P.
        2240 Gallows Road
        Vienna, VA  22182
        Telephone:  703 – 573 – 0700
        Telecopier:  703 – 573 – 9786
        Email:  rrothstein@transportationlaw.net

        *Attorney for Plaintiff Schilli Transportation Services, Inc.*

\* Application for admission *pro hac vice* to be submitted.